**RADENBAUGH et al., Appellees,**

v.

**MOTORISTS INSURANCE COMPANIES, Appellant.**

[Cite as *Radenbaugh v. Motorists Ins. Cos.* (1993), 86 Ohio App.3d 836.]

Court of Appeals of Ohio,
Putnam County.

No. 12-92-14.

Decided March 24, 1993.

*Connelly, Soutar & Jackson, Steven P. Collier* and *Thomas G. Mackin,* for appellees.

*Jones & Bahret Co., L.P.A., Keith J. Watkins* and *Robert J. Bahret,* for appellant.

SHAW, Judge.

Defendant-appellant, Motorists Insurance Companies ("Motorists"), appeals the summary judgment entered against it in the Putnam County Common Pleas Court whereby defendant was ordered to pay $200,000 to plaintiffs-appellants, Ernest D. and Marie Radenbaugh, pursuant to the underinsured motorist clause of the Radenbaughs' automobile insurance policy, which was issued by Motorists.

On February 13, 1991, the car driven by Ernest Radenbaugh, and in which his wife, Marie, was a passenger, was hit by a car negligently operated by one Kenneth Wright. Both Ernest and Marie sustained serious injuries.[1]

At the time of the accident, Kenneth Wright, the tortfeasor, was insured by Grange Mutual Insurance Company and had liability insurance coverage of $100,000 per person and $300,000 per accident. Grange Mutual Insurance Company paid $100,000 to Ernest Radenbaugh and $100,000 to Marie Radenbaugh, in accordance with the policy limit.

At the time of the accident, the Radenbaughs were insured by defendant Motorists Insurance Companies. Pursuant to an underinsured motorist clause in their policy, the Radenbaughs submitted an underinsured motorist claim to Motorists. Motorists thereafter paid $300,000 to the Radenbaughs, allocating

---

1. For the purpose of this appeal, Motorists has stipulated that the Radenbaughs' damages are equal to or in excess of $500,000.

$50,000 to Ernest's claim and $250,000 to Marie's claim. Motorists maintained that the $300,000 was the maximum amount recoverable under the Radenbaughs' underinsured motorist policy.

On August 3, 1992, the Radenbaughs initiated this action against Motorists, seeking to have the trial court determine the amount, if any, of additional underinsured motorist coverage available under the policy, over and above the payments already made by Motorists and by the tortfeasor's insurance company. The Radenbaughs sought a judgment against Motorists in the amount of $200,-000.

There being no real issue of fact, both sides filed motions for summary judgment. On December 1, 1992, the trial court granted summary judgment in favor of the Radenbaughs, determining that there was $200,000 of underinsured motorist coverage still available to the Radenbaughs pursuant to their policy.

Motorists thereafter brought the instant appeal, raising the following assignment of error:

"The court below erred to the prejudice of Appellant and disregarded the set-off language of the policy of insurance by holding that Appellees, who purchased underinsured coverage in the amount of $500,000 and who had already received $500,000, are entitled to an additional $200,000 in underinsured motorist coverage from Appellant."

The underinsured motorist clause of the policy at issue here provides single-limit coverage of $500,000, which means the per person limit of coverage or liability is the same as the per accident limit. The policy also includes the following setoff clause:

"B. Any amounts otherwise payable for damages under this [underinsured motorist] coverage shall be reduced by all sums:

"1. Paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." (Emphasis deleted.)

The sole issue before the trial court, and now the sole issue on appeal, is how the settlements obtained from the tortfeasor's insurance company by the Radenbaughs should be set off from the $500,000 policy limit of the underinsured motorist coverage in determining the amount of underinsured motorist coverage available to the Radenbaughs.

Motorists argues that, pursuant to the setoff clause, the total amount received from the tortfeasor's insurance ($200,000) may be subtracted from the total liability cap under the single-limit underinsured motorist policy ($500,000), therefore concluding that only $300,000 is due the Radenbaughs under the policy (which has already been paid).

The Radenbaughs, on the other hand, assert that Motorists is obligated to pay the full $500,000, despite the $200,000 that the Radenbaughs received from the tortfeasor's insurance company. Specifically, the Radenbaughs argue that an insurer on a single-limit underinsured motorist policy must separately set off the amount paid each individual claimant by the tortfeasor's insurance ($100,000) from the single-limit policy maximum ($500,000), concluding that $400,000 is due each claimant under the policy, up to the policy's limit of $500,000. Accordingly, argue the Radenbaughs, the trial court was correct in awarding the additional $200,000, thereby establishing a $500,000 total obligation on the part of Motorists.

The trial court, in awarding the additional $200,000, relied on the case of *Derr v. Westfield Cos.* (1992), 63 Ohio St.3d 537, 539, 589 N.E.2d 1278, 1280. The issue in *Derr*, a wrongful death action, was certified as follows:

" '[W]hether an insurer on a single-limit underinsured motorist policy may set off against that single limit of liability the total amount paid by a tortfeasor's insurance, when the claims of each of the claimants taken individually do not reach that limit as reduced by the amount paid to each claimant by the tortfeasor.' "

The Supreme Court, in a four-to-three decision, held that where there are multiple claimants against a single-limit underinsured motorist policy, the insurer must separately and successively (as opposed to collectively) set off the amounts paid by the tortfeasor's insurance when determining the amount due each individual insured under the single-limit policy.

In the case *sub judice*, however, Motorists argues that *Derr* is not applicable as the instant case is not a wrongful death action and because, it is contended, the *Derr* decision was based upon strong public policy considerations stemming from R.C. 2125.02, Ohio's wrongful death statute. In support of this contention, Motorists cites the following language from *Derr*:

"While the instant case seeks a determination of the proper method by which an insurer may set off amounts the insured receives from other sources with regard to a particular claim, *our determination in the case sub judice hinges upon the important fact that this action involves wrongful death claims for which Ohio statutory law has accorded special treatment.*" (Emphasis added.) *Id.* at 539, 589 N.E.2d at 1280.

Upon a careful examination and analysis of the Supreme Court's decision in *Derr*, we have determined that the holding of that case is applicable to the case before us. First of all, we note that the operative language of the setoff clause of the insurance policy at issue in *Derr* was identical to that of the setoff clause found in the Radenbaughs' policy. The relevant facts of the two cases, aside from *Derr*'s wrongful death aspect, are nearly identical as well.

While the *Derr* decision does emphasize the wrongful death nature of the claims of the plaintiffs there, it appears that the focus on the wrongful death claims was to emphasize the autonomous nature, or separateness, of those claims. The *Derr* opinion merely points out that as several separate wrongful death claims may arise from a single accident involving injury to only one person (the decedent), it is then consistent to separately set off any collateral payments received by the claimants, instead of collectively deducting such payments from the coverage provided by a set-limit policy.

In the case before us, although the Radenbaughs are not wrongful death claimants, they do indeed, or did, have two separate claims, or causes of action, for the negligence of the other driver. Additionally, we note that the coverage provided by the Radenbaughs' underinsured motorist policy is for "bodily injury" caused by anyone qualifying as "underinsured." The Radenbaughs' insurance policy then defines "bodily injury" as "bodily harm, sickness or disease, including *death* that results." (Emphasis added.) Thus, the same underinsured motorist policy would also have provided coverage if one or both of the Radenbaughs had been killed in the accident. As such, we find little merit to Motorists' argument that *Derr* does not apply here simply because the Radenbaughs lived through the accident.

Additionally, the "Insuring Agreement" clause of the Radenbaughs' underinsured motorist policy provides as follows:

"A.   We will pay damages which an *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of *bodily injury:*

"1.   Sustained by an *insured;* and

"2.   Caused by an accident." (Emphasis *sic.*)

We find it significant that this portion of the underinsured motorist policy twice uses the term "insured," as opposed to "insureds." A separate setoff calculation appears to us to be consistent with this use of the singular noun, whereas a collective setoff would appear more logical if the plural had been used.

Finally, although the Radenbaughs' policy's setoff clause clearly provides that payment under the policy will be reduced by "all sums" paid on behalf of one who may be legally responsible, the manner of calculating the setoff is not addressed, rendering the language susceptible to multiple interpretations. " 'Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer.' " *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 38, 31 OBR 83, 87, 508 N.E.2d 949, 952.

In summary, for all the reasons noted, we hold that the trial court did not err in applying *Derr v. Westfield Cos., supra,* to the instant case and thereby

determining that the Radenbaughs' recoveries from the tortfeasor's insurance company should be separately and successively set off from underinsured motorist coverage provided by the Radenbaughs' insurance policy. Accordingly, appellant Motorists' sole assignment of error is overruled and the judgment of the trial court granting summary judgment in favor of the Radenbaughs, appellees, is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.